UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JUAN ROMERO,

        Petitioner,        2:14-cv-00938-CL

        v.        FINDINGS AND RECOMMENDATION

MARK NOOTH,

        Respondent.

Clarke, Magistrate Judge.

    Petitioner was convicted by a Jackson County jury of two counts of first-degree rape and first-degree sodomy, and sentenced to 266 months of imprisonment.

    Petitioner's judgment of conviction was entered on July 21, 1999. Petitioner directly appealed his convictions but the Court of Appeals affirmed and the Oregon Supreme Court denied review. Almost ten later, petitioner filed a petition for post-conviction relief but the post conviction court

1 - FINDINGS AND RECOMMENDATION

dismissed the petition as untimely, the Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. The post-conviction proceedings were concluded on April 22, 2014.

On June 4, 2014, petitioner signed a federal habeas petition alleging six grounds for relief. Respondent now moves to deny relief on the ground that petitioner did not file his petition within the time allowed by 28 U.S.C. § 2244(d).

Under § 2244(d), a petitioner has one year from the date a direct appeal is final to file a federal habeas corpus. <u>Rhines v. Webber</u>, 544 U.S. 269, 272 (2005). The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after the final judgment and before a collateral filing, and time after final collateral disposition and before federal filing counts against the year. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

The appellate judgment in petitioner's appeal was entered on December 17, 2001. Almost ten years later petitioner filed a petition for post-conviction relief, but it was dismissed as untimely. Therefore it was not a "properly filed" collateral proceeding and did not statutorily toll the limitations period. *See*, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 410 (2005). Thus, pursuant to the rule of <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th

2 - FINDINGS AND RECOMMENDATION

Cir 1999), the statute of limitations began to run when the time in which to seek *certiorari* of petitioner's appellate judgment from the U.S. Supreme Court expired, on March 17, 2002. Petitioner did not file his federal habeas petition until June 4, 2014 - or 4,462 days after the judgment in petitioner's criminal case became final. Petitioner does not dispute that the petition was not filed within the one year statute of limitations. Petitioner argues that he is entitled to equitable tolling of the limitations period.

The relevant facts are as follows: Prior to sentencing, counsel filed a motion for a new trial based on a juror affidavit stating there had been irregularities in the deliberation process. The court denied the motion. At sentencing, counsel argued that mandatory minimum sentences would be cruel and unusual punishment given petitioner's history of mental illness and presented detailed evidence of petitioner's mental illness.

On direct appeal, counsel for petitioner argued that petitioner's mandatory minimum sentences violated the Oregon Constitution. He did not appeal the denial of the motion for a new trial.

On February 22, 2012, petitioner filed a post-conviction petition. Petitioner's claims in that proceeding centered around the juror affidavit referenced above. To explain the

3 - FINDINGS AND RECOMMENDATION

delay in filing, and also as an independent claim, petitioner alleged counsel was ineffective for failing to advise him about the juror affidavit.

Petitioner argued that although he was present during the motion for new trial where the juror affidavit was a central issue, he was unaware of the affidavit due to various medical issues and his mental state at the time. Petitioner claimed that he first learned about the affidavit when his son was moving property that had been sent to him by the Jackson County Jail to hold for petitioner.

The post-conviction court determined that Petitioner had to have known about the affidavit at the time of trial and dismissed the petition as untimely. Petitioner's Exhibits 38 and 39. The Court of Appeals affirmed the trial court's finding of untimeliness finding in addition:

> ..."regardless of how much evidence counsel could have gathered about the nature and severity of petitioner's alleged mental illness during the time period in which petitioner could have timely filed a petition for post-conviction relief - that information would not have aided petitioner. *Fisher v. Belleque*, 237 Or App 405, 410-411, 240 P.3d 745 (2010). (rejected as excusing late petition assertion that petitioner's 'mental illness rendered him incapable of appreciating the significance of the information that was plainly available to him).

Resp. Ex. 111

The Oregon Supreme Court denied petitioner's petition for

4 - FINDINGS AND RECOMMENDATION

review.

Petitioner pro se filed a federal petition for Habeas Corpus Relief (#2) on June 10, 2014. Subsequently counsel was appointed and counsel filed an amended petition (#16). Neither petitioner nor respondent has briefed the merits of petitioner's claims and the sole issue before the court at this point in the proceedings is whether the petition is time barred.

Pursuant to 28 U.S.C. § 2244(d)(1)(D) the statute of limitations for habeas petitions can begin to run on the date "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner argues the statute did not begin to run in this case until 2011, when his family discovered the juror affidavit during a move. Petitioner argues that although the affidavit "was mentioned in court" during the motion for a new trial, his "mental health status (both mental illness and shock of conviction) was such that he was not able to comprehend the proceedings and understand what was going on." Brief in Support (#49) p. 10.

Petitioner argues that after discovering the affidavit he diligently pursued his rights and that these facts constitute extraordinary circumstances that justify the

5 - FINDINGS AND RECOMMENDATION

tolling of the statute. Petitioner also requests an evidentiary hearing to testify as to these matters and as to his actual innocence.

Petitioner's post-conviction petition was dismissed as untimely. Therefore, it was not "properly filed" and did not statutorily toll the limitations period. Pace v. DiGugliemo, 544 U.S. 408 (2005). The post-conviction appellate court relied on Fisher v. Belleque, 277 Or App 405 (20110) and specifically found that mental illness did not constitute extraordinary circumstances to justify equitable tolling.

Petitioner acknowledges that petitioner's "state case was dismissed as untimely, which would ordinarily be 'the end of the matter,' Pace v. DiGugliemo." Petitioner argues that "a state system that does not toll a statute of limitations when a person is mentally ill is fundamentally unfair, and that this court should "find an exception to Pace in this case." Brief in Support (#41) p. 11.

An "exception" to Pace is not warranted under the circumstances of this case.

Under 28 U.S.C. § 2254(d)(2), "factual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). In dismissing petitioner's petition for post-conviction relief as untimely, the PCR

6 - FINDINGS AND RECOMMENDATION

court held that petitioner knew about the juror affidavit at the time of the motion for new trial. Petitioner has not presented any clear and convincing evidence to the contrary.

Moreover the PCR court finding that petitioner knew about the affidavit is supported by the record which shows that petitioner was present during the motion for new trial when the juror affidavit was presented and argued as the basis of alleged juror misconduct.

Petitioner's mental illness and "shock of conviction" did not prevent him from filing a timely direct appeal. After the appellate court denied his claims, he did not pursue his post-conviction relief for almost 10 years.

Even if the court were to accept petitioner's argument that his mental state at the time of the motion for new trial prevented him from comprehending the proceedings, petitioner has not explained why he could not have diligently pursued his rights in the following years.

Although the issue is not directly before the court, I note that petitioner's first and second grounds for relief in this proceeding allege ineffective assistance of trial and appellate counsel, respectively. Ineffective assistance of counsel claims are claims that are properly raised in state petition for post-conviction relief. Kellotat v. Cupp, 719 F.2d 1927 (9th Cir. 1983).

Petitioner's state PCR petition was dismissed as untimely. Therefore he did not exhaust his ineffective assistance of counsel claims as required by 28 U.S.C. § 2254(b)(1). Therefore, they would be subject to dismissal for lack of jurisdiction. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

There is sufficient evidence of plaintiff's mental state at the relevant time to determine the issue before the court. Petitioner has not alleged what more of "material import" might be revealed through an evidentiary hearing. See, Gandarela v. Johnson, 286 F.3d 1080, 1087 (9th Cir. 2002). Nor has petitioner established by clear and convincing evidence that any of his claims are such that but for the alleged juror misconduct no reasonable fact-finder would have found him guilty of the underlying offenses.

Based on the foregoing, petitioner's Amended Petition (#16) should be denied on the grounds that it was not filed within the limitations period set forth in § 2244(d). Petitioner's request for an evidentiary hearing should be denied. The Clerk of the Court should be directed to ente a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

8 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be allowed.*

DATED this 12 day of January 2017.

Mark D. Clarke
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION