IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUAN ROMERO**, | Case No. 2:14-cv-938-CL |
| Petitioner, | **ORDER** |
| v. | |
| **MARK NOOTH**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Mark D. Clarke issued Findings and Recommendation in this case on January 12, 2017. ECF 52. Judge Clarke recommended that Petitioner's Amended Petition for Writ of Habeas Corpus (ECF 16) be denied, Petitioner's request for an evidentiary hearing be denied, and the Clerk of the Court be directed to enter a judgment dismissing this proceeding.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

Petitioner timely filed an objection. ECF 54. Petitioner objects to Judge Clarke's recommendation that the Amended Petition (ECF 16) should be denied. Petitioner argues that Judge Clarke erred in finding that: (1) equitable tolling of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) is not warranted; (2) Petitioner failed to present clear and convincing evidence to overcome the presumption that the state court correctly found that Petitioner knew about the juror affidavit prior to 2011; and (3) Petitioner did not explain why he could not have diligently pursued his rights prior to 2011. The Court has reviewed *de novo* those portions of Judge Clarke's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections and Respondent's response.[1] The Court agrees with Judge Clarke's reasoning regarding these issues and ADOPTS these portions of the Findings and Recommendation.

Petitioner also objects to Judge Clarke's finding that there is sufficient evidence to decide Petitioner's mental state at the relevant time and that an evidentiary hearing on this issue is unnecessary. The Court has reviewed *de novo* these portions of Judge Clarke's Findings and Recommendation. The Court agrees with Judge Clarke's reasoning that an evidentiary hearing is unnecessary and ADOPTS these portions of the Findings and Recommendation. As Judge Clarke found, the one-year statute of limitations on Petitioner's federal habeas corpus petition began to run on March 17, 2002, and Petitioner did not file the petition until June 4, 2014. ECF 52 at 3. Even if the period when Petitioner litigated his untimely state petition for post-conviction relief (between February 22, 2012, and April 22, 2014) could be equitably tolled, Petitioner is not

---

[1] In Respondent's response to Petitioner's objection, Respondent objects to Judge Clarke's recommendation that a Certificate of Appealability be issued. Respondent, however, did not file his objection within 14 days of the issuance of the Findings and Recommendation. Petitioner has not replied to Respondent's response. The Court does not consider Respondent's untimely objection.

PAGE 2 – ORDER

entitled to an evidentiary hearing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that a petitioner is not entitled to equitable tolling under 28 U.S.C. § 2244 (d)(2) when the state petition is not timely filed).

The "factual predicate of the . . . claims presented" in the Amended Petition is an affidavit written by a juror in the underlying criminal trial. 28 U.S.C. § 2244(d)(1)(D). Petitioner argues that an evidentiary hearing is necessary to determine whether Petitioner "could have . . . discovered [the juror affidavit] through the exercise of due diligence" before 2011, 28 U.S.C. § 2244(d)(1)(D). The state post-conviction relief court found that Petitioner was present at the hearing on Petitioner's motion for a new trial in July 1999 when the juror affidavit was discussed and that "there's simply no way that you can assert, other than you forgot, that [the juror affidavit] wasn't there. That you didn't know about it in terms of the Statute of Limitations." ECF 42 at 39:24-40:2; *see* ECF 29-1 at 16. Petitioner has not presented "clear and convincing evidence" that the state post-conviction relief court's factual determination is incorrect.[2] *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see* 28 U.S.C. § 2254(d)(2).

Petitioner also argues that an evidentiary hearing is necessary to determine whether his alleged mental illness constitutes an "'extraordinary circumstance [that] stood in his way' and prevented his timely filing" of the state petition for post-conviction relief. *Holland v. Florida*, 560 U.S. 631, 646 (2010) (quoting *Pace*, 544 U.S. at 418). Even if Petitioner had presented clear and convincing evidence that the state post-conviction relief court erred in

---

[2] Petitioner presented evidence that that the Department of Veterans Affairs certified him as "severely disabled" by PTSD and bipolar affective disorder as of February 1997, ECF 42 at 91; Petitioner complained to a doctor in July 1998 about suffering from frequent debilitating seizures, ECF 42 at 92-98; Petitioner's lawyer stated that Petitioner did not recognize him once when the lawyer called in September 1998, ECF 42 at 79; and the lawyer stated in July 1999 that over the course of his representation of Petitioner, Petitioner sometimes did not remember their conversations one or two days later, ECF 50-2 at 77:10-12.

PAGE 3 – ORDER

finding that he knew about the juror affidavit in July 1999, Petitioner does not make the requisite "non-frivolous showing that he had a severe mental impairment during the filing period" between March 17, 2002, and February 22, 2012. *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010). Petitioner has presented no evidence of his mental state after July 1999, at the latest. Nor does Petitioner adequately explain why "[a]fter the appellate court denied his claims [on direct appeal], he did not pursue his post-conviction relief [in state court] for almost 10 years." ECF 52 at 7.

Finally, Petitioner objects to Judge Clarke's finding that Petitioner's claims would be dismissed for lack of jurisdiction because he did not exhaust them. The Court has reviewed *de novo* this portion of Judge Clarke's Findings and Recommendation. The Court considers Judge Clarke's reasoning regarding exhaustion as *dicta* and ADOPTS these portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

PAGE 4 – ORDER

For those portions of Judge Clarke's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Clarke's Findings and Recommendation, ECF 52. Petitioner's Amended Petition for Writ of Habeas Corpus (ECF 16) is DENIED; and Petitioner's request for an evidentiary hearing is DENIED. The Clerk of the Court shall enter a judgment dismissing this proceeding. The Court ISSUES a Certificate of Appealability on the basis that Petitioner has made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 14th day of March 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 5 – ORDER